### JOHN WILLIAMS v. THE STATE.

#### No. 986.  Decided February 22, 1911.

#### Rehearing Denied March 22, 1911.

**1.—Assault to Murder—Charge of Court—Malice.**

Where, upon trial of assault with intent to murder, the court instructed the jury that if the defendant wilfully, intentionally and without lawful justification or excuse, with intent to kill, and when his mind was sufficiently cool to contemplate the nature and character of the act and probable consequences, shot the prosecutrix, then the shooting in law would be done upon malice, it was not necessary to define the term malice.

**2.—Same—Charge of Court—Definition of Assault.**

Where, upon trial of assault with intent to murder, the court instructed the jury that if the defendant wilfully, etc., shot the injured party without excuse with a pistol, this was a sufficient definition of an assault.

Appeal from the Criminal District Court of Harris.  Tried below before the Hon. Norman G. Kittrell, sitting in exchange.

Appeal from a conviction of assault with intent to murder; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Green & Boyd,* for appellant.—Upon the court's charge on malice: Ponton v. State, 35 Texas Crim. Rep., 597, 34 S. W. Rep., 950; Webb v. State, 8 Texas Crim. App., 115; Bergstrom v. State, 36 Texas, 336; White's Code Crim. Procedure, art. 715, secs. 808-809.

On question of court's failure to define malice:  Daniels v. State, 4 Texas Crim. App., 429; Campbell v. State, 9 Texas Crim. App., 147; White v. State, 13 Texas Crim. App., 259; Garza v. State, 11 Texas Crim. App., 345; Anderson v. State, 1 Texas Crim. App., 730; Driskill v. State, 22 Texas Crim. App., 60.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for assault to murder, his punishment being assessed at ten years confinement in the penitentiary.

The statement of facts does not accompany the transcript and the record does not contain bills of exception.

The court charged the jury, among other things: "If the defendant did on or about June 23, 1909, in Harris County, Texas, wilfully, intentionally and without lawful justification or excuse, and in a state or condition of mind sufficiently cool to contemplate the nature and character of the act and its probable consequences, shoot Alberta Williams, his wife, with a pistol then said act of shooting was in law said to have been done on 'malice,' and if, in addition to being done on 'malice,' if you so find it was, it was done with the purpose and intent to kill said Alberta Williams, the act was assault with intent

to murder; and if you so find, beyond a reasonable doubt, that the shooting was done on 'malice' and that it was done with the intent to kill said Alberta, you will find the defendant guilty of assault with intent to murder." An attack is made on this charge because it does not define malice. The charge is not in the usual or ordinary language defining that term. It has been held by many decisions that there is no set form of words necessary to be employed in defining the term "malice." If that term has been sufficiently defined by the charge, although not in the usual form, this court will not be required to reverse. Any language that conveys to the jury the proper and correct legal idea of malice would be sufficient. We are of opinion that this charge does this. It informs the jury that if the party acted wilfully, intentionally and without lawful justification or excuse, and when his mind was sufficiently cool to contemplate the nature and character of the act and its probable consequences, then the shooting in law would be done upon malice. This seems to sufficiently cover the term. If the party intentionally and wilfully, without lawful justification or excuse, and while his mind was cool or sufficiently so to contemplate the nature and character of his act and its probable consequences, did the shooting with intent to kill, this would seem to be malice in law.

It is also contended that the court erred in not defining assault. We are of opinion that the charge does sufficiently define assault. If one party shoots at another without excuse with a pistol and shoots him, this of itself is an assault. There would be no necessity for telling the jury that this would be an assault if it occurred. The mere statement of the fact would convey to the jury's minds that it would be unlawful and an assault, and if they found that that occurred, it would not only be an assault, but the other ingredients being present, it would be an assault with intent to murder.

The other complaints of the charge we deem without merit.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied March 22, 1911.—Reporter.]